THE SAMUEL J. CHRISTIAN.    (Seven Cases.)*

(*District Court, E. D. New York.*    April 25, 1883.)

1. PRIORITY OF LIENS—SEAMEN'S WAGES—LIEN FOR DAMAGES—DISTRIBUTION OF
   FUND.
   A claim against a tug for damage to a brig caused her by being run against a pier while in tow of the tug, through negligence of the tug, is not entitled to priority of payment out of the proceeds of the sale of the tug over the claims of the crew of the tug for wages earned prior to the accident.

2. SAME—MATERIAL-MEN'S LIENS.
   Claims of material-men for repairs and coal, which were subsisting liens upon the tug at the time of the accident referred to, are superior in rank to a claim for damage arising out of the accident.

3. SAME—PRIORITY IN FILING LIBEL.
   This conclusion was not affected by the fact that the libel for damages was filed before the libels of the material-men, the processes in all the cases having been served at the same time.

4. DEMURRAGE—INTEREST.
   Interest on demurrage is not allowed.
   The decision in the case of *The Maria and Elizabeth*, 12 FED. REP. 627, disapproved.

In Admiralty.

Seven libels were filed against the steam-tug Samuel J. Christian, one of which was that of the crew of the tug for wages, five for claims of material-men for repairs and coal, and one a claim for damage done to a brig, caused her by being run into a pier while in tow of the tug. The tug having been sold at marshal's sale, the question of the priority of the payment of these claims out of the proceeds was settled as appears in the first opinion following.    In the case of McNab against the tug, the commissioner in his report disallowed the following items: (1) $59.90 for a new hawser; (2) $68.60 for repairs to pumps; (3) $80 for commissions of J. W. Parker & Co. on advances made to pay for the repairs on the brig, on the ground that the proof was not satisfactory that payment of all the bills was made, and on advances;

*Reported by R. D. & Wyllys Benedict.

and (4) interest on the demurrage. Exceptions to the four items thus disallowed constituted the four exceptions mentioned in the second opinion following. The commissioner also disallowed a claim of Ebenezer Day for wages as engineer of the tug, and a claim of Albert A. Eneas for pilotage. Exceptions to the commissioner's refusal to allow these claims were overruled in the third opinion following.

*William G. Wilson,* for the crew and the material-men.

*James K. Hill, Wing & Shoudy,* for the libelant McNab.

BENEDICT, J. One of the questions presented by this application is whether a claim of one McNab upon the tug Samuel J. Christian for damage to the brig Lillie H. White, caused her by being run against a pier while in tow of the tug, through the negligence of the master of the tug, is entitled to priority in payment over the claims of the crew of the tug for wages earned in her navigation prior to the accident referred to. Upon this question, my opinion is that the seamen are entitled to be paid their wages in preference to the claim for the damages to the brig.

In the case of *The Orient,* 10 Ben. 620, it was held by Judge CHOATE, after a careful examination of the authorities, that the wages of seamen are entitled to priority over a claim against their vessel for damage arising out of a collision. The same conclusion was stated by Judge HALL in the case of *The America,* cited by Judge CHOATE in *The Frank G. Fowler,* 8 FED. REP. 339. I concur in the conclusion arrived at by Judge CHOATE in the case of *The Orient,* and cannot concur with the contrary conclusion arrived at by Judge NIXON in the case of *The Maria and Elizabeth,* 12 FED. REP. 627. The *dictum* of Mr. Justice BRADLEY in *Norwich Co.* v. *Wright,* 13 Wall. 122, which is referred to in the case of *The Maria and Elizabeth,* cannot, as it seems to me, be considered to be an adjudication by the supreme court of the United States upon the point in controversy. The present case is, however, stronger for the seamen than either the case of *The Orient* or *The Maria and Elizabeth,* for here the the contest lies between two demands, both arising upon contract. The claim of McNab is based upon a contract to tow his brig with due care, which contract is set forth in his libel, together with a breach thereof. In such a case, I should be sorry, indeed, to hold that the seamen were to be remitted to an action *in personam,* for no other reason than to prevent the owner of the brig from being so remitted. If either is to be turned over to an action *in personam,* in my opinion it is not the seamen.

The next question relates to the order of payment as between the libelants other than the seamen, being six in number. Five of these actions were commenced at one time. The libel of McNab was filed a day before, but the processes in all the cases were served by the marshal at one time. One demand is that of the Communipaw Coal Company, for coal furnished on the credit of the boat during the months of February, March, June, and July, 1882. Another demand is that of the Hoboken Coal Company, for coal furnished on the credit of the boat in July, 1882. Another demand is that of John H. Lewis, for ship chandlery furnished on the credit of the boat in April, 1882. Another demand is that of Reilly & Co., machinists, for repairs done to the boat during April, May, June, and July, 1882. Another demand is that of Samuel T. Sherwood, carpenter, for repairs done to the boat in April, 1882. Another demand is that of McNab, for the damage to his brig.

These actions are all actions upon contract. None of the libelants are creditors *in invitum*. All are voluntary creditors who have entered into their several engagements upon the credit of the vessel. In this respect the question presented is different from that decided in the case of *The Frank G. Fowler, supra*, where the controversy was between claims based upon tort. Here the conflicting claims, as stated, are for breach of contract, and are all alike in this respect. In another respect, however, they are not alike. The claims of the material-men are for repairs done to the tug, and for coal used in her navigation. The material and labor, as well as the coal, were necessary for the boat to enable her to earn freight, and to enter upon the contract with McNab for the towing of his brig. These claims of the material-men were, moreover, subsisting liens upon the tug at the time when McNab made his contract. On the other hand, the contract of McNab had no relation to any necessity of the tug, in no way tended to increase the value of the tug, or to preserve her, or to enable her to earn freight; nor did it in any degree tend to benefit the parties holding prior incumbrances upon the tug; and, as already stated, it was entered into voluntarily, upon the credit of the tug as she then stood, incumbered by the liens of the material-men. In these circumstances I find ground for holding the claims of the material-men to be superior in rank to the claim of McNab.

It is one of the necessities of commerce that a ship needing repairs and supplies should be forthwith relieved. For that reason a lien is given to him who supplies her need. For a like reason it should be

understood that such a lien is in no danger of being supplanted by a subsequent demand arising upon a contract voluntarily made, and having no relation to any necessity of the ship, and not tending to increase her value. A different rule applied in the present case would give to McNab a security for his demand greater than the security upon which he entered into his contract. He would be paid out of the proceeds of the tug discharged of the liens of the material-men, whereas, when his contract was made, the tug was subject to those liens. Upon principle it should be held that, as between the claim of McNab and the prior claims of the material-men, the material-men are entitled to priority in the distribution of the proceeds.

This conclusion is not affected by the fact that the libel of McNab was filed the day before the filing of the other libels, the processes in all the cases having been served at the same time, and renders it unnecessary to consider the question whether, as between claims of equal rank, a prior seizure of the vessel secures priority in the distribution of the proceeds.

BENEDICT, J. The first exception is allowed upon the consent of both parties, and by like consent the sum of $25 is awarded for injury to hawser. The second exception is overruled. In regard to the third exception, it must be allowed in part, upon the modification of the testimony, to which both parties have consented on the hearing. Upon the proofs, as modified, the libelant is entitled to $27.16 commissions, at the rate of 2½ per cent. paid to the ship's husband for advances made in consequence of the injury to the brig, and for the purpose of repairing the damage which the brig had sustained. The fourth exception is overruled. Interest on demurrage is not allowed.

BENEDICT, J. I concur with the commissioner in his conclusion that the libelant Ebenezer Day is not entitled to recover anything in this action. I also concur in his conclusion that Albert A. Eneas is not entitled to recover anything in this action.

The exceptions in behalf of the above-named libelants are, therefore, overruled, and the report confirmed.

See *The De Smet*, 10 FED. REP. 483, and note, 491; *The Minna*, 11 FED. REP. 759, and note, 760.