THE R. S. CARTER.[1]

THE JOHN G. STEVENS.

LOUD *et al.* *v.* THE R. S. CARTER AND THE JOHN G. STEVENS.

(*District Court, E. D. New York.* April 5, 1889.)

MARITIME LIENS—PRIORITY—REPAIRS—SUBSEQUENT TORT.
    The lien for damages arising out of a negligent collision takes precedence over the lien of a material-man for repairs to the negligent vessel made prior to such collision.

In Admiralty.
*George A. Black*, for libelants.
*Alexander & Ash*, for claimants.

BENEDICT, J. This case comes before the court upon the question of priority. In March, 1886, the schooner Flint, at the time being towed

[1]Reported by Edward G. Benedict, Esq., of the New York bar.

by the tug John G. Stevens, and owned by the libelant Loud, was run into by the bark Doris Eckhoff, a vessel at the time being towed by the tug R. S. Carter. Thereupon the libelant Loud filed his libel against both the tugs to recover the damage caused to the Flint and her cargo by the collision. The R. S. Carter was found by the marshal, and against her the libelant has obtained a decree for the sum of $15,155.15 by default. At the time of the seizure of the R. S. Carter by virtue of the process in Loud's action, she was subject to various liens for wages and for repairs, the amount of which exceeded the amount realized from the sale of the vessel by the marshal, to recover which various libels were filed against the vessel. Of these demands the wages have been paid out of the proceeds, leaving a sum in the registry less than the amount of the liens of the material-men, and very much less than the amount of Loud's claim for the damage to his schooner. Whereupon the question has arisen whether Loud's claim for the damage done to the Flint by the collision with the Doris Eckhoff is entitled to be paid out of the proceeds arising from the sale of the R. S. Carter prior to any payments to the material-men.

It will be noticed that the question presented is a question of priority, not of the marshaling of securities. Moreover, the question is not between a wages claim and a collision claim, nor between material-men and a claim arising out of a *quasi* tort, where the cause of action is a neglect of some duty assumed in pursuance of a voluntary agreement between the parties. The claim of Loud is for damages caused by collision, a tort pure and simple, committed by the R. S. Carter. The claims of the material-men are for repairs done to the R. S. Carter prior to the collision, which liens have not been lost or impaired by laches. The question is analogous to the question decided by this court in the case of *The Pride of the Ocean*, 3 Fed. Rep. 162. In respect to that case I have noticed that Judge Brown, in deciding the case of *The Amos D. Carver*, 35 Fed. Rep. 667, seems to have supposed that in the case of *The Pride of the Ocean* liens for wages and for repairs were subordinated to a collision claim. But such was not the decision. It was a prior bottomry in that case which was subordinated to a collision claim. The question there was analogous to the question here, but it was not the same.

Neither is the question here the same as that decided by this court in the case of *The Samuel J. Christian*, 16 Fed. Rep. 796. In that case the controversy was between claims arising *ex contractu*. The action was based upon a contract to tow, a breach of which contract was the sole foundation of the claim as stated in the libel. The libel set forth no duty and charged no neglect of duty. It disclosed that the damage claimed arose from the action of a tug in dragging her tow against a pier; but a contract was set forth, and that not by way of inducement, as in the case of *The Quickstep*, 9 Wall. 665, but as the sole foundation of the demand. The claim was therefore treated by this court as arising *ex contractu* and not *ex delicto*, upon the supposition that it was competent for the libelant to waive the tort and rely upon the contract, and that such had been the course pursued. And the decision was not only that

wages, but a material-man, claiming for prior necessary repairs to the vessel, was entitled to priority in payment over a demand based on a subsequent contract which had no relation to any necessity of the ship and in no way tended to increase her value, and which had been voluntarily entered into by the creditor.

The precise question here involved has never, as I recollect, been decided by this court. It has however been decided by Judge NIXON, in the case of *The M. Vandercook*, 24 Fed. Rep. 472, in one way, and in the opposite way by Judge BROWN in the case of *The Amos D. Carver*, 35 Fed. Rep. 665. In this conflict of opinion I incline to follow the analogy of the case of *The Pride of the Ocean*, above alluded to, and give the subsequent collision claim priority over the prior claims of the material-men. As between such creditors, when one or the other must lose his debt, it seems to me more equitable that the loss should fall upon the material-man, who voluntarily and for a consideration agreed with the ship-owner to give delay in payment in order that the ship-owner by the use of his vessel might earn profits wherewith to pay the material-men. The material-man, for a consideration in the price he charged, voluntarily assumed the risk of a total loss of his security by the sinking of the ship he repaired, in a collision. Why, in fairness, should not the creation of a lien upon the ship he repaired arising from a collision be held to be included in his risk? Why may not a material-man, who gives time, be fairly held to become a party to the employment of the vessel in the course of which the accident occurred, since he has a beneficial interest in that employment? I find nothing inconsistent with such a view in the case of *The Frank G. Fowler*, 17 Fed. Rep. 653. No doubt the maritime law gives a lien in order that the ship may gain time, but the policy of the law is to make the time of credit as short as possible; and it seems to me that a rule which in effect tends to extend the duration of liens of material-men and to increase the amount of liens upon the ship because under the rule they serve to lighten and sometimes, as in the present case, destroy all liability for collision, is a rule of doubtful expediency, and may be rejected as contrary to public policy. Upon these grounds, following the analogy of my decision in the case of *The Pride of the Ocean*, I have determined to direct that the claim of Loud be paid out of the proceeds in court prior to the demands of the material-men. This determination renders it unnecessary to consider the other questions discussed by counsel.