## THE JOHN G. STEVENS.[1]

### In re THE JOHN G. STEVENS.

(District Court, E. D. New York. September 13, 1893.)

MARITIME LIENS—PRIORITY—NEGLIGENT TOWAGE—SUPPLIES.
  A lien for supplies, and a lien arising out of the neglect of some duty assumed by a voluntary agreement between the parties, are equal in point of merit, and priority will be given to that one which first accrued. Loud v. The R. S. Carter, 40 Fed. 331, distinguished.

In Admiralty. On application for distribution of proceeds.

Geo. A. Black, for Loud and others.
Alexander & Ash, for colibelants Gladwish and others.
Wing, Shoudy & Putnam, for the J. G. Stevens.

BENEDICT, District Judge. This is a controversy in regard to priority, between Loud and others, as owners of the schooner Flint, and Gladwish, Moquin & Co., coal dealers, each having a lien upon the tug John G. Stevens. The tug having been sold under the order of this court, and the fund being insufficient to pay both the claims, the question arises as to which of these parties is entitled to be paid first out of the fund in court. The claim of Loud and others, owners of the schooner Flint, arises out of injuries to the schooner Flint caused by negligence on the part of the John G. Stevens while performing a contract to safely tow the schooner Flint. The claim of Gladwish, Moquin & Co. arises out of coal furnished by them

---

[1] Reported by E. G. Benedict, Esq., of the New York bar.

to the John G. Stevens prior to the time of the injury done to the Flint by the John G. Stevens.

If the claim of Loud had arisen out of a tort, pure and simple, committed by a vessel between whom and the Flint no relation by contract existed, the decision of the circuit court of this district, affirming a decision made by this court in the case of Loud v. The R. S. Carter, 38 Fed. 515, 40 Fed. 331, would be decisive, and compel a decision here that the claim of Loud is entitled to priority over the claim of Gladwish, Moquin & Co. But that case differs from this, in that the claim of Loud against the R. S. Carter was for a tort, pure and simple, arising out of a collision between the Flint and the R. S. Carter, between which vessels no relation by contract existed. Here the claim of Loud against the John G. Stevens is for damage done by the John G. Stevens by reason of negligence in performing her contract to tow the Flint. The question therefore arises whether, in distributing proceeds by a court of admiralty, this distinction between two competing claims makes a difference that is to be noticed in determining the question of priority. In the case of Loud v. The R. S. Carter, above referred to, this question was not before the court. When the case of Loud v. The R. S. Carter was decided by this court, the case of a claim arising out of neglect of some duty assumed in pursuance of a voluntary agreement between the parties was carefully excepted. The same exception was made by the circuit court. It cannot be held, therefore, that the decision in favor of Loud against the tug R. S. Carter compels a decision in favor of Loud in this case.

But in that case the ground upon which a difference between the two claims there involved was held by this court to exist was that one was a voluntary creditor, who, for a consideration, gave time, with a lien on the vessel, in place of present payment, while the other was an involuntary creditor who had no option, and between whom and the offending vessel no relation whatever existed; and this difference was also noticed by the circuit court. No such difference exists between the two claims here conflicting. The claim of Loud, although, in a certain sense, a claim ex delicto, arises out of the neglect on the part of his employe in the performance of a contract voluntarily entered into by Loud. Loud selected a careless tug to tow the Flint, and suffered thereby. It was at his option what tug should be given the opportunity to injure the Flint. In the exercise of this option, he selected a careless one, responsible, indeed, to him for any damage to the Flint caused by negligence, but given the opportunity to do damage to the Flint by the voluntary act of Loud. In this respect, therefore, the claims of Gladwish, Moquin & Co. and of Loud stand on the same ground. In respect to the time of the inception, the claims differ. The claim of Gladwish, Moquin & Co. for coal arose prior to the claim of Loud. For the reason given in the case of The Samuel J. Christian, 16 Fed. 799, it must be held that the claim of Gladwish, Moquin & Co. is entitled to priority over the subsequent claim of Loud in the distribution of the proceeds in question here.